IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHELBY POSTON, on behalf of herself and others similarly situated,<br><br>                       Plaintiff,<br><br>v.<br><br>SYRACUSE UNIVERSITY,<br><br>                       Defendant. | Case No. 5:21-CV-1386 (TJM/TWD)<br><br>(Removed from New York State Supreme Court, Onondaga County, Case No. 10084/2021) |

## NOTICE OF REMOVAL

Defendant Syracuse University (the "University"), by and through its counsel, hereby gives notice of removal, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, from the State of New York, Supreme Court, County of Onondaga, Case No. 10084/2021, to the United States District Court for the Northern District of New York. As grounds for removal, the University states as follows:

## GROUNDS FOR REMOVAL

1.    This Court has original subject-matter jurisdiction over this civil action, which seeks relief on behalf of a putative nationwide class, based on diversity of citizenship under 28 U.S.C. § 1332(d). This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, for the reasons stated below.

## THE STATE COURT ACTION

2.    On December 9, 2021, Plaintiff Shelby Poston ("Plaintiff") filed a class-action Complaint against the University in the New York State Supreme Court, Onondaga County, captioned *Shelby Poston v. Syracuse University*, Case No. 10084/2021 (the "State Court Action").

1

On December 10, 2021, Plaintiff served an individual authorized to accept service for the University with the Summons and Complaint. Attached hereto as Exhibit A is a copy of the docket sheet, Summons, Complaint, and Affidavit of Service in the State Court Action.

3. Syracuse University is a private research university located in Syracuse, New York. Compl. ¶ 10. Plaintiff asserts that she attended the University during the Spring 2020 semester. Compl. ¶ 9.

4. According to the Complaint, the University suspended all residential academic programs and in-person instruction during that semester due to the COVID-19 global health pandemic. Compl. ¶¶ 1, 3. Plaintiff claims that the University did not hold any classes from March 10 through March 23—including a week in which the University "had previously scheduled a normal week of activities"—and conducted the rest of the Spring 2020 semester virtually. *Id*. ¶¶ 3–5. The Complaint alleges that the University has not refunded any tuition or fees for that semester, despite Plaintiff's claim that the "online learning options . . . were subpar compared to in-person services in practically every aspect." *Id*. ¶¶ 5–6.

5. The Complaint asserts two claims against the University: (1) breach of contract based on the University's alleged failure to provide in-person, on-campus education and services for the entirety of the Spring 2020 semester and for its alleged failure to provide "any education, online or otherwise," for the week of March 16 to March 20, 2020, *see id*. ¶¶ 27–35; and (2) unjust enrichment based on the University's alleged failure to provide bargained-for education and services in exchange for the benefit of tuition and fees that it retained, *see id*. ¶¶ 36–41.

6. In connection with these claims, Plaintiff seeks a pro-rated portion of the tuition and fee payments made for the Spring 2020 semester. *Id*. ¶¶ 35, 41. Plaintiff also seeks punitive

damages, prejudgment interest, restitution, and an award of reasonable attorney's fees and expenses, among other non-monetary relief. *Id*. at 11–12.

7. According to the Complaint, Plaintiff seeks to represent a class of all University students who paid "Spring Semester 2020 tuition and/or fees for access to the in-person based educational services that [the University] failed to provide, and whose tuition and fees have not been refunded." *Id*. ¶ 19.

## JURISDICTION

8. This Court has original subject-matter jurisdiction over this civil action based on diversity of citizenship under 28 U.S.C. § 1332(d). This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

9. Section 1441(a) authorizes removal of any civil action filed in state court where the United States District Court has original jurisdiction for such action. Section 1453 authorizes the removal of "class actions," as defined in 28 U.S.C. § 1332(d)(1), to federal court. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(d)(2), (5), and (6), which provide original jurisdiction over class actions in which the amount in controversy exceeds $5 million, exclusive of interest or costs; the proposed class includes at least 100 members; and any member of the putative plaintiff class is a citizen of a state different from any defendant.

**A.  Minimal Diversity of Citizenship**

10. Pursuant to 28 U.S.C. § 1332(d)(2)(A), the minimum diversity required for removal exists here because at least one member of the putative class is diverse from the defendant. Plaintiff Poston is a resident of Pennsylvania. Compl. ¶ 9. Defendant Syracuse University is a private university with its principal place of business in Syracuse, New York. *Id*. ¶ 10. The citizenship of these parties is therefore diverse.

**B.     More Than 100 Putative Class Members**

11.     Pursuant to 28 U.S.C. § 1332(d)(5)(B), Plaintiff's putative class includes more than 100 alleged class members.  The Complaint alleges that approximately 21,322 students are enrolled at the University, Compl. ¶ 2, and "estimates that there are tens of thousands of members" of the class, *id*. ¶ 21.  The Complaint also states that the University "has not refunded *any* tuition or fees for the Spring 2020 semester," *id*. ¶ 6 (emphasis added), meaning that the putative class includes the entire student body.  These allegations satisfy the requirement for more than 100 putative class members.

**C.     More Than $5 Million Allegedly in Controversy**

12.     The amount in controversy exceeds $5 million, as required under 28 U.S.C. § 1332(d)(6).  Although the University denies the allegations in the Complaint—including that this action is amenable to class treatment and that Plaintiff or the putative class is entitled to any relief—the allegations in the Complaint nevertheless put more than $5 million in controversy.

13.     Plaintiff seeks "return of a pro-rated portion of tuition and fees, proportionate to the amount of time in the Spring Semester 2020 when classes moved online and campus services ceased being provided," taking into account the "narrow" online learning offered.  Compl. ¶ 8.

14.     With respect to fees, Plaintiff alleges that "[f]or the Spring 2020 semester, [the University] charged its students," in addition to the tuition per semester, "fees . . . includ[ing] a $209.00 Student Activity Fee, a $222.00 Student Co-Curricular Fee, and a $384.00 Health and Wellness Fee." *Id*. ¶ 14.  If these alleged fees are pro-rated as Plaintiff urges for the seven out of sixteen weeks of the semester the University moved all instruction online, Plaintiff's demands would result in a refund of $356.56 per student.  Multiplied by the 21,322 students allegedly

enrolled, *see supra* ¶ 11, Plaintiff's fees-related claims alone would amount to a demand of more than $7.6 million in alleged damages.

15. In addition to those claims relating to fees, Plaintiff demands a pro-rated portion of tuition payments for the Spring 2020 semester. Compl. ¶ 8. Plaintiff alleges that she paid the University "roughly $13,052.50" per semester for tuition and that tuition payments for putative class members ranged from $12,195 to $13,052.50 for the semester at issue. *Id*. ¶¶ 9, 14. Although Plaintiff does not specify how she would pro-rate tuition while taking into account the fact that the University continued to provide instruction virtually, her allegation that the online learning options were "narrow" suggests that any offset could be minimal under her damages theory. *See id*. ¶¶ 5, 8. As a result, the tuition refund that Plaintiff demands for herself and each of the tens of thousands of putative class members would also exceed by a substantial amount the $5 million threshold.

16. Plaintiff also alleges that the University shut down entirely for one week of the semester in which it had "previously scheduled a normal week of activities." *Id*. ¶ 4. Although the University disputes that allegation, the claimed tuition refund for that one week alone would independently exceed the $5 million threshold. Using Plaintiff's conservative tuition estimate of $12,195 per semester, pro-rated tuition for a single week of the sixteen-week semester would be $762.19 per student. That figure, multiplied by the 21,322 putative class members, would result in a demand by Plaintiff of over $16.2 million in alleged damages.

17. These amounts do not include the punitive damages, prejudgment interest, restitution, and an award of reasonable attorney's fees and expenses, among other non-monetary relief. Compl. at 11–12.

18. This is the fourth complaint filed against the University based on substantially the same allegations, and each of the three prior complaints was filed in this Court and included

representations (including twice by the same counsel representing Plaintiff here) that the case satisfied the amount-in-controversy requirement of $5 million. *See* Compl. ¶ 11, *Yin v. Syracuse Univ.*, Case No. 5:20-cv-494 (N.D.N.Y. May 1, 2020), ECF No. 1; Compl. ¶ 10, *Minichelli v. Syracuse Univ.*, Case No. 5:20-cv-839 (July 26, 2020), ECF No. 1; Am. Compl. ¶ 22, *Meissner v. Syracuse Univ.*, Case No. 5:20-cv-839 (Aug. 26, 2020), ECF No. 16.[1] Cases against other colleges and universities likewise involving substantially the same allegations have been brought in this Court and in federal courts throughout New York and across the country.

19. In this case, as in the prior cases against Syracuse referenced above, Plaintiff's counsel brings the lawsuit as a class action "on behalf of all persons who paid tuition and fees for the Spring 2020 academic semester." *See* Compl. ¶ 1; *see also id.* ¶ 12. To the extent the class definition is limited to *students* who paid those amounts, *see id.* ¶ 19, as opposed to all persons who paid those amounts, Plaintiff alleges that the estimated number of putative class members is "tens of thousands," *id.* ¶ 21—meaning at least 20,000 members. This case would therefore meet the amount-in-controversy threshold even if the claimed damages per putative class member were only $250.

**D.   Class Action Definitional Requirements**

20. Although the University denies the allegations in the Complaint—including that this action is amenable to class treatment and that Plaintiff or the putative class is entitled to any

---

[1] The *Yin* case was voluntarily dismissed on July 31, 2020. *See* Notice of Voluntary Dismissal, *Yin v. Syracuse Univ.*, Case No. 5:20-cv-494 (N.D.N.Y. July 31, 2020), ECF No. 20. The claims brought by Plaintiff Minichelli were also voluntarily dismissed. *See* Notice of Voluntary Dismissal, *Minichelli v. Syracuse Univ.*, Case No. 5:20-cv-839 (N.D.N.Y. Aug. 26, 2020), ECF No. 17. Rather than withdrawing that case, however, plaintiffs' counsel "substitut[ed]" new plaintiffs and recaptioned that case *Meissner v. Syracuse*. *Id.* That case was dismissed with prejudice on April 13, 2021. *See* Decision & Order, *Meissner v. Syracuse Univ.*, Case No. 5:20-cv-839 (N.D.N.Y. April 13, 2021), ECF No. 48.

relief—this case also meets the definitional requirements for a class action as provided by 28 U.S.C. §§ 1332(d)(1)(B) and 1453(a) and (b). For removal to be authorized by those provisions, the removed case must have been brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under a similar state statute or rule that authorizes one or more representative persons to maintain a class action. Plaintiff's State Court Action seeks certification under N.Y. C.P.L.R. §§ 901 and 902, which is New York's class-action statute. *See* Compl. at 11.

## VENUE

21.     This Court is the proper district court for removal because the New York State Supreme Court, Onondaga County, where the State Court Action was filed and is pending, is located within the United States District Court for the Northern District of New York. 28 U.S.C. § 112(a). Accordingly, venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

## TIMELINESS

22.     This removal is timely. Plaintiff's Complaint was originally filed on December 9, 2021, and the University was served on December 10, 2021. *See* Ex. A. The University filed this Notice of Removal within the 30-day statutory time period set forth in 28 U.S.C. § 1446(b)(3).

## RECORD FROM THE STATE COURT ACTION

23.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and documents on file in the State Court Action, including Plaintiff's Complaint, are attached as Exhibit A.

## NOTICE EFFECTED

24.     The University concurrently is filing a copy of this Notice of Removal with the New York State Supreme Court, Onondaga County, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached as Exhibit B.

25. In addition, the University concurrently is serving Plaintiff with a copy of this Notice of Removal and the Notice of Filing of Notice of Removal that will be filed with the New York State Supreme Court, Onondaga County.

## NO WAIVER

26. By filing this Notice of Removal, the University does not waive any defenses available to it, including defenses based on standing and jurisdiction, and does not admit any of Plaintiff's material allegations, including allegations of wrongdoing, allegations concerning damages, or any class-action allegations.

## CONCLUSION

WHEREFORE, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441(a), 1446, and 1453, including the presence of all jurisdictional requirements established by 28 U.S.C. § 1332, the University respectfully serves notice that the above-referenced State Court Action is hereby removed to the United States District Court for the Northern District of New York.

Dated:  December 30, 2021

Respectfully Submitted:

By:  /s/ David W. DeBruin

David W. DeBruin (No. 603019)
Ishan K. Bhabha*
Lauren J. Hartz*
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Tel: (202) 639-6000
Fax: (202) 639-6066
ddebruin@jenner.com
ibhabha@jenner.com
lhartz@jenner.com

*Counsel for Defendant*

\**Pro hac vice* motion forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2021, a copy of this Notice of Removal was served via e-mail and first-class mail on the following counsel of record for Plaintiff:

John C. Cherundolo
CHERUNDOLO LAW FIRM, PLLC
AXA Tower I, 15th Floor
100 Madison Street
Syracuse, New York 13202
(315) 449-9500
jcherundolo@cherundololawfirm.com

Michael A. Tompkins, Esq.
Jeffrey K. Brown, Esq.
Anthony M. Alesandro, Esq.
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550
mtompkins@leedsbrownlaw.com
jbrown@leedsbrownlaw.com
aalesandro@leedsbrownlaw.com

Gary F. Lynch, Esq.
Edward W. Ciolko, Esq.
Nicholas A. Colella, Esq.
LYNCH CARPENTER, LLP
1133 Penn Avenue 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
gary@lcllp.com
eciolko@lcllp.com
nickc@lcllp.com

By: /s/ David W. DeBruin
    David W. DeBruin