# EXHIBIT A

NYSCEF - New York State Courts Electronic Filing (Live System)

<< Return to **Search Results**

## 010084/2021 - Onondaga County Supreme Court

Short Caption: **Shelby Poston v. Syracuse University**
Case Type: **Commercial - Contract**
Case Status: **Pre-RJI**
eFiling Status: **Partial Participation Recorded**

**Narrow By Options**

Document Type: [Please select...] Filed By: [Please select...]
Motion Info: [ ] Filed Date: [ ] thru [ ]
Document Number: [ ]

Display Document List with Motion Folders

Sort By: [Doc #]

| # | Document | Filed By | Status |
|---|---|---|---|
| 1 | SUMMONS | Cherundolo, J.<br>Filed: 12/09/2021<br>*Received: 12/09/2021* | **Processed**<br>Confirmation Notice |
| 2 | COMPLAINT<br>*Class Action Complaint* | Cherundolo, J.<br>Filed: 12/09/2021<br>*Received: 12/09/2021* | **Processed**<br>Confirmation Notice |
| 3 | AFFIRMATION/AFFIDAVIT OF SERVICE | Cherundolo, J.<br>Filed: 12/14/2021<br>*Received: 12/14/2021* | **Processed**<br>Confirmation Notice |

SUPREME COURT
STATE OF NEW YORK    COUNTY OF ONONDAGA
_____

**SHELBY POSTON,** on behalf of herself and
all others similarly situated, as a class

                                                    Plaintiff,        **SUMMONS**

    **-against-**

                                               Index No.:_____

**SYRACUSE UNIVERSITY**
620 Crouse Hines Hall
900 South Crouse Avenue
Syracuse, New York 13244

                                               Defendant.
_____

**TO THE ABOVE-NAMED DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorneys an Answer to the Complaint in this action within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In the case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

      Plaintiff designates Onondaga County as the venue for trial of this matter. The basis of venue designated is the County in which the Defendant maintains its principal place of business.

**Dated**: December 9, 2021                      **CHERUNDOLO LAW FIRM, PLLC**

                                                    *s/ John C. Cherundolo*
                                                 _____
                                                 By: John C. Cherundolo, Esq.
                                                 *Attorneys for the Plaintiff*
                                                 Office and Post Office Address
                                                 AXA Tower 1, 15th Floor
                                                 100 Madison Street
                                                 Syracuse, New York 13202
                                                 Telephone (315) 449-9500

                                                 **FAX SERVICE NOT ACCEPTED**

**NEW YORK STATE SUPREME COURT**
**COUNTY OF ONONDAGA**

SHELBY POSTON, on behalf of herself and all others similarly situated,

PLAINTIFF,

- AGAINST -

SYRACUSE UNIVERSITY,

DEFENDANTS.

Index No.

**JURY TRIAL DEMANDED**

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Shelby Poston ("Plaintiff"), by and through the undersigned counsel, brings this class action against Defendant Syracuse University ("SU," the "University," or "Defendants"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

**NATURE OF THE ACTION**

1.  This is a class action lawsuit on behalf of all persons who paid tuition and fees for the Spring 2020 academic semester at Syracuse University ("SU") and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the on-campus education for which they paid, and/or services for which their fees paid, without having their tuition and fees refunded to them.

2.  With approximately 21,322 students enrolled, SU is one of the more prominent private universities in New York. It offers more than 200 majors, and over 100 minors and dozens of graduate programs.

1

3. On March 10, 2020, SU's Vice Chancellor Michael Haynie announced that the school would suspend all residential academic programs and in-person instruction on campus and shift classes entirely online after the upcoming spring break.[1]

4. Accordingly, SU did not hold any classes from March 10 until March 23 - including a week, March 16 to March 20, in which SU had previously scheduled a normal week of activities.

5. As a result of the closure of Defendant's facilities, Defendant did not deliver access to the educational services, facilities, access, and/or opportunities that Plaintiffs and the putative Class contracted and paid for. The online learning options (or emergency remote teaching – "ERT") offered to SU students were subpar compared to in-person services in practically every aspect, from the lack of facilities, to materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The ERT was in no way the equivalent to the in-person education that Plaintiff and the putative class members contracted for.

6. Nonetheless, Defendant has not refunded any tuition or fees for the Spring 2020 semester.

7. Plaintiff and the putative class are therefore entitled to a refund of a portion of the tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant argues that it did not have a choice in canceling in-person classes, it nevertheless improperly retained funds for services it never provided.

8. Plaintiff seeks, for themselves and Class members, the Defendant's return of a pro-rated portion of tuition and fees, proportionate to the amount of time in the Spring Semester 2020 when classes moved online and campus services ceased being provided, and taking into account

---

[1] [Syracuse University will shift classes online due to coronavirus concerns - syracuse.com](#)

the narrow ERT provided. Plaintiff seeks a return of these amounts on behalf of themselves and the Class as defined below.

## PARTIES

9. Plaintiff Shelby Poston is a citizen of Pennsylvania who resides in Pottstown, Pennsylvania. During the Spring 2020 semester, Plaintiff was enrolled at Syracuse University. Most of SU's major programs rely extensively on in-person instruction, meaningful student presentations, and peer collaboration. None of these resources were available to Plaintiff while in-person classes were suspended. Plaintiff paid Defendant approximately $26,105 in tuition for the 2020-2021 school year, roughly $13,052.50 per semester, and over $600 in fees, including a $209 student activity fee and a $384 student health fee.[2] To date, SU has not refunded Plaintiff any part of this tuition or fees that she paid for the Spring 2020 semester, even though in-person classes were not held after March 10, 2020. Through documents and websites such as the SU Course Catalog, Plaintiff understood and believed that all courses she enrolled in were to be taught in person. For example, Plaintiff and the Class's understanding and beliefs were based, in part, on SU's course catalog listing all of the classes as being taught in a physical location on SU's campus. SU does offer various online programs. But Plaintiff chose not to enroll in SU's online degree program. Thus, the in-person nature of the courses that Plaintiff Shelby selected was part of the "benefit of the bargain."

10. Defendant Syracuse University is a private research university, founded in 1813, with campuses located in Syracuse, New York, and its principal place of business at 900 South Crouse Ave. Syracuse, NY 13244.

---

[2] Tuition, Fees and Related Policies Bulletin 2020-2021 (syr.edu)

3

## JURISDICTION AND VENUE

11. This Court has personal jurisdiction over Defendant because it operates a business in Onondaga County and is the proper venue for this action because Defendant resides in this County and is a citizen of New York.

## FACTUAL ALLEGATIONS

12. Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at SU.

13. Spring semester 2020 classes at SU began on or about January 13, 2020. Classes were scheduled to end on April 29, 2020, with final exams from April 30 to May 6, 2020.

14. The tuition cost and fees at SU are substantial. For the Spring 2020 semester, SU charged its students approximately $24,390.00 to $26,105 based on the year of enrollment, roughly $12,195-$13,052.50 per semester in addition to other fees. Such fees include a $209.00 Student Activity Fee, a $222.00 Student Co-Curricular Fee, and a $384.00 Health and Wellness Fee. SU charged similar rates for graduate and other programs on a per-credit-hour basis.

15. The tuition and fees described in the paragraph above are provided by way of example-total amounts- including other fees that are not listed herein but not refunded- will be proved at trial.

16. Plaintiff and members of the Class did not choose to attend online institutions of higher learning, but instead chose to attend Defendant's institution and to enroll in an in-person based education service program.

17. The ERT that SU provided to students instead were not economically equivalent in any way to the in-person course that Plaintiff and class members paid for. From the lack of facilities, materials, and access to faculty, students were deprived of the opportunity for

4

collaborative learning and in-person dialogue, feedback, and critique. Upon information and belief, the tuition and fees for in-person instruction at SU are higher than tuition and fees for SU's traditional online instruction, itself a different "product" than the ERT provided to Plaintiff and the Class. The ERT differs in great number of basic ways from SU's traditional educational service that Plaintiff and the Class bargained and paid for, including but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and study room;
- Student governance and student unions;
- Extra-curricular activities, groups, intramural sports, etc.;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands-on learning, research, and experimentation;
- Networking and mentorship opportunities.

18. The fact that SU has an entirely separate website for its online program and its traditional in-person on-campus programs clearly illustrates that SU intended these were two distinct and independent products. For instance, when applying to one of SU's online programs, you must do so through SU's online program's website, not through the main SU's website designed for the traditional on-campus student.[3] It is evident that SU views their in-person on-campus programs a sperate product from its online programs.

**CLASS ACTION ALLEGATIONS**

19. Plaintiff seeks to represent a class defined as all SU students who paid Defendant

---

[3] Choose Your Program | Syracuse University Online

Spring Semester 2020 tuition and/or fees for access to the in-person based educational services that Defendant failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers.

20. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

21. **Numerosity.** The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class. Although the precise number of Class members is unknown to Plaintiffs, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

22. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

> a. whether Defendant accepted money from Class members in exchange for the promise to provide services;

  b. whether Defendant has provided access to the services for which Class members contracted;

  c. whether Class members are entitled to a refund for that portion of the tuition and fees that were contracted for services that Defendant did not provide.

  d. whether Defendant unlawfully converted money from Plaintiffs and the Class; and

  e. whether Defendant is liable to Plaintiffs, the Class for unjust enrichment.

23. **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendant that are unique to Plaintiff.

24. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

25. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class on an individual basis to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to

all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court and presents no unusual management difficulties under the circumstances.

26. In the alternative, the Class may also be certified because:

a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(On Behalf of Plaintiff and the Class)**

27. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

28. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

29. Through the admission agreement, course catalogue, and related documents, and payment of tuition and fees, Plaintiff and each member of the Class entered into a binding contract

8

with Defendant.

30. As noted above, such a contract is evidenced by numerous publications and documents created and sent out by Defendant. Such documents and publications include but are not limited to SU's course catalog, SU's policies and regulations, SU's financial responsibility agreement, and SU's advertising and marketing documents sent to current and prospective students.

31. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide access to certain services, as set forth above. Plaintiff and Class fulfilled their end of the bargain when they paid the amounts due for Spring Semester 2020 tuition and fees. Tuition for Spring Semester 2020 was intended to cover access to in-person educational services from January through May 2020. In exchange for amounts charged and paid, Class members were entitled to access to in-person, on-campus based educational and services through the end of the Spring Semester.

32. Defendant failed to provide the contracted for services and otherwise did not perform under the contract as set forth above. Defendant has retained monies paid by Plaintiffs and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

33. Additionally, Defendant breached the contract with Plaintiffs by neglecting to pay any refund despite failing to provide any education, online or otherwise, for the week of March 16, 2020 to March 20, 2020.

34. Plaintiffs and members of the Class have sustained injuries as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the

9

education, experience, and services to which they were promised and for which they have already paid.

35. As a direct and proximate result of Defendant's breach, Plaintiff and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that Defendant collected for services that Defendant failed to deliver. Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education or campus services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services they knew they would not provide.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

36. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

37. Plaintiff bring this claim individually and on behalf of the members of the Class against Defendant.

38. Plaintiff and members of the Class conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for access to certain service and promises. Tuition and certain fees for Spring Semester 2020 was intended to cover access to in-person educational services from January through May 2020. In exchange for tuition monies paid, Class members were entitled to these in-person, on campus-based educational services through the end of the Spring Semester.

39. Defendant voluntarily accepted and retained this benefit by accepting payment.

10

40. Defendant retained this benefit, even though Defendant failed to provide the promised, bargained for and paid access to the education, experience, and social services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return a pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since SU was shut down on March 10, 2020, in an amount to be determined by the finder of fact.

41. It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge any such unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under CPLR §§ 901 and 902 and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For injunctive relief as pleaded or as the Court may deem proper; and

(g) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

11

(h) For an order awarding such other and further relief as may be just and proper, including injunctive relief and declaratory relief.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

**Dated:** December 9, 2021

Respectfully submitted,

**CHERUNDOLO LAW FIRM, PLLC**

By: *s/ John C. Cherundolo*
_____
John C. Cherundolo

AXA Tower I, 15th Floor
100 Madison Street
Syracuse, New York 13202
(315) 449-9500
jcherundolo@cherundololawfirm.com

**LEEDS BROWN LAW, P.C.**
 */s/*
Michael A. Tompkins, Esq.
Jeffrey K. Brown, Esq.
Anthony M. Alesandro, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550
mtompkins@leedsbrownlaw.com
jbrown@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

**LYNCH CARPENTER, LLP**
 */s/*
Gary F. Lynch, Esq.
Edward W. Ciolko, Esq. (*pro hac vice to be filed*)
Nicholas A. Colella, Esq. (*pro hac vice to be filed*)
1133 Penn Avenue 5th Floor
Pittsburgh, PA 15222
P. (412) 322-9243
F. (412) 231-0246

12

glynch@carlsonlynch.com
eciolko@carlsonlynch.com
ncolella@carlsonlynch.com

*Counsel for the Plaintiff and Proposed Class*

13

STATE OF NEW YORK     ONONDAGA COUNTY     SUPREME COURT

DOCUMENTS SERVED WITH INDEX #    010084/2021    AND FILED ON    December 9, 2021

ATTORNEY(S)   Cherundolo Law Firm, PLLC      J. Patrick Lannon, Esq.

*Shelby Poston, on behalf of herself and all others similarly situated, as a class*     Plaintiff(s)/Petitioner(s)

vs

*Sryacuse University*     Defendant(s)/Respondent(s)

County of Onondaga, State of New York.    I, Norman H. Laquidari, being duly sworn deposes and says:

Deponent is not a party herein, and is over 18 years of age.

On __Deceember 10, 2021__ at __11:14 A__ M.,
at __Legal Dept. 900 S. Crouse St., Suite 518, Syracuse, N.Y. 13244__

deponent served the within __Notice of Electronic Filing (Mandatory Case), Summons and Complaint (Jury Trial Demanded)__

ON: Syracuse University, Defendant (herein called recipient) therein named

**INDIVIDUAL** ☐ by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**CORPORATION** ☒ A __domestic__ corporation, by delivering thereat a true copy of each to __Souher Cosselman__ personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be __Executive Assistant__ thereof. (authorized to accept)

**SUITABLE AGE PERSON** ☐ by delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ]actual place of business [ ]dwelling house (usual place of abode) within the state.

**AFFIXING TO DOOR** ☐ by affixing a true copy of each to the door of said premises, which is recipient's [ ]actual place of business [ ]dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
Day___ Date___ Time___ Day___ Date___ Time___
Day___ Date___ Time___ Day___ Date___ Time___

**MAILING COPY** ☐ Deponent caused a copy of same to be enclosed in postpaid sealed wrapper properly addressed to recipient at the recipient's last known [ ]residence [ ]place of employment at:_____ and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of the U. S. Postal Service within the State of New York on _____
[ ]The mailing was made by certified mail (Receipt No._____) within one day after such delivering to such suitable person such affixing [ ]and with return receipt requested.

**DESCRIPTION** ☒ A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex __F__ Color of skin __Medium__ Color of hair __Black__ Approx. Age __30/40__ Approx. Height __5'4"__ Approx. weight __140__ Other _____

**WITNESS FEES** ☐ $_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

**PHOTO** ☐ Deponent was able to identify recipient from annexed photo.

**MILITARY SERVICE** ☐ Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed he/she was not.

Sworn to before me on this
__10th__ day of __December__ __2021__

_(signature)_ Norman H. Laquidari

ELIZABETH W. ROY
NOTARY PUBLIC, STATE OF NEW YORK
No. 01RO6277445
Qualified in Onondaga County
My Commission Expires on March 4, 20__

N. H. Laquidari & Associates
120 Highland Avenue
Syracuse, NY 13203
315-471-4448
Invoice·Work Order # 2100874

1 of 1