***LEEDS BROWN LAW, P.C.***

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

*Attorneys at Law*

Nov. 20, 2023

***Via ECF***
Hon. Thèrése Wiley Dancks, U.S.M.J.
United States District Court,
Northern District of New York
100 S. Clinton Street
Syracuse, New York 13261

**Re: Poston v. Syracuse University**
Case No. 5:21-cv-01386-TJM-TWD

Dear Judge Dancks:

Our firm, along with co-counsel, represents Plaintiff Poston and the putative class, and we write pursuant to Defendant's Nov. 17, 2023 pre-motion letter (Dkt. 108) and Your Honor's Nov. 20, 2023 Order granting the Telephone Discovery Conference for Nov. 28, 2023. For the reasons detailed herein, we request a protective order be issued such that Plaintiff Poston's deposition be conducted remotely to avoid the substantial financial impact and for other compelling reasons described below. The parties have met and conferred and are at an impasse on the most efficient means of conducting Plaintiff Poston's deposition. Plaintiff believes there are several compelling reasons why this deposition should be conducted remotely, as addressed below. Plaintiff has already agreed to conduct all depositions remotely on its noticed witnesses including Syracuse's employees and representatives, so this dispute only concerns Plaintiff Poston's deposition.

First, Plaintiff Poston is currently employed with two jobs in Baltimore (typically working between 6 and 7 days per week), which she needs to make her student loan payments and cover her other expenses. Despite paying Syracuse over $115,000 in tuition and fees between 2018 and 2020 and graduating with a Syracuse degree, Plaintiff Poston needs to maintain two hourly jobs to keep up with her expenses and loan payments. So traveling 6+ hours (each way) plus sitting for a full-day deposition would likely cost her at least $480 in lost wages plus the travel expenses (including a hotel room, gas, and/or a flight – which we would estimate to be additional few hundred dollars). Those costs well exceed the value of her individual claim.

Second, the economic value of Plaintiff Poston's individual claims do not necessitate such a financial strain. Plaintiff Poston's total fees during the Spring 2020 semester were $384 according to Syracuse's records. So even if Poston was able to recover 42.06% percent of those fees, she may recover $161.51 (before interest). Thus, it seems burdensome in the context of forcing Plaintiff Poston to incur hundreds of dollars in expenses and lost wages **above** what she may recover if she prevails on her individual fee claims.

Critically, one of Defendant's defense in this action is predicated on establishing that remote is the same as in-person – as the claim being asserted by Plaintiff concerns her payment of monies for in-person services that were converted unilaterally to remote. Defendant are expected to contend in this litigation that remote and in-person are the same functional equivalent. By requiring this deposition to be taken in-person, Defendant is conceding a central tenant of the case and Plaintiff's claims – in-person is completely different than remote. Thus, Defendant does not answer the question in its letter why it was perfectly fine for it to provide remote instruction but yet requires Plaintiff Poston to testify to her claims in person.

Remote depositions in these COVID refund cases are the norm, given the nature of the claims, defenses, the relatively small individual amounts at stake for the individual plaintiffs, and efficiencies involved. Syracuse has yet to demonstrate why the facts of this case differ so significantly from all the other proceedings that have been cooperatively conducted depositions remotely. *See In re Univ. of San Diego Tuition*, 2023 U.S. Dist. LEXIS 3035 (S.D. Cal., Jan. 6, 2023) (M.J. Gallo ordering remote depositions for class reps not in or near San Diego); *Arredondo v. La Verne*, Case No. 2:20-cv-7665-MCS-RAO (C.D.Cal.) (agreeing to remote depositions of all witnesses, class rep, and putative class members); *Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cnty.) (same); *Gur-Ravantab v. Georgetown*, Case No. 1:22-cv-1038 (TNM) (D.C. Dist.) (same); *Qureshi v. American Univ.*, Case No. 20-cv-1141(CRC) (D.C. Dist.) (same), amongst others.

Additionally, our understanding is that none of the attorneys are physically located in Syracuse – except for Syracuse's in-house counsel – as the Leeds Brown Law team is located on Long Island (NY), our co-counsel is located in Pennsylvania, and my understanding is that Defendants' counsel are based out of their DC and Chicago offices. So if the parties are selecting a neutral hub, Syracuse is not the most efficient location for anyone except for Defendant's in-house counsel who is not expected to conduct the deposition.

We appreciate the Court's consideration of this issue and hope that it can be resolved efficiently such as to permit the Parties to stay on schedule as they work towards class certification. Plaintiff's counsel is available for a telephone conference on Nov. 28, 2023.

Respectfully submitted,
*/s/ Michael A. Tompkins*
Michael A. Tompkins, Esq.

cc: All counsel of record via ECF